## SMITH *v.* SMITH.

BELLOWS, J. This was a libel for divorce for the cause of extreme cruelty. In such a case it is not sufficient to make a general allegation in the language of the statute, but the acts of cruelty should be specified with reasonable certainty as to time, place, and circumstances, that the court may see the character of the acts complained of, and whether they were committed within its jurisdiction, and also whether the application for the divorce was made in a reasonable time after such acts were done.

If the application is delayed so long as, under the circumstances, to create a presumption of condonation, sufficient cause for the delay should be stated and proved.

As to the description of the acts relied on, no precise rule can be laid down; but in general terms it may be said that it should give such description as the nature of the act will admit, fixing the time, place, and other circumstances with such distinctness as will show its quality. *Fellows* v. *Fellows*, 8 N. H. 162. Tested by these rules,

the libel is defective, stating only in general terms, acts of cruelty by beating, &c., between January 1, 1855, and the filing of the libel, and at the same time stating a continued separation since August 6, 1858; so that for aught that appears, the acts of cruelty may have been committed five or six years ago, and yet no reason assigned for the delay in applying for a divorce.

The libel must, therefore, be

*Dismissed.*